UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S.L., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:12-CV-420 (CEJ) |
| | ) |
| PFIZER INC., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This matter is before the Court on plaintiffs' motion to remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis). Defendant opposes remand and the issues are fully briefed.

I.   Background

On February 2, 2012, plaintiffs[1] filed this action in state court claiming that they suffered various birth defects as a result of their mothers' use of the prescription drug sertraline during pregnancy. Sertraline, which is manufactured under the trade name Zoloft®, is a member of a class of drugs known as selective serotonin reuptake inhibitors. Zoloft® is prescribed for the treatment of several mental disorders and is manufactured, promoted and sold by defendant.

On March 8, 2012, defendant removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs seek remand, arguing that this Court lacks subject-matter jurisdiction over this dispute because complete diversity is absent.

Defendant is a citizen of Delaware and of New York. One of the minor-plaintiffs,

---

[1] Plaintiffs are twenty-one minor children, who appear by and through their next friends.

E.B., is also a citizen of New York.  Defendant does not dispute that complete diversity is lacking if consideration is given to the citizenship of E.B., but argues that plaintiffs' claims are fraudulently misjoined because they do not arise out of the same transaction, occurrence, or series of transactions or occurrences.

## II.   Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there."  In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)).  Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).  The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Products Liability Litigation, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).  A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction.  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

## III.   Discussion

The Eighth Circuit has not yet determined whether fraudulent misjoinder is a valid basis for removal.  Prempro, 591 F.3d at 620.  The Eighth Circuit recently discussed the doctrine of fraudulent misjoinder, stating:

> A more recent, somewhat different, and novel exception to the complete diversity rule is the fraudulent misjoinder doctrine which one appellate court and several district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction. Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008).

Prempro, 591 F.3d at 620 (footnotes omitted).

In Prempro, the plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. Prempro, 591 F.3d 613. The cases were removed to the federal district court based on the defendants' assertion of diversity jurisdiction. The defendants maintained that the plaintiffs' claims were fraudulently misjoined, because they did not arise out of the same transaction or occurrence as required by Fed. R. Civ. P. 20(a).

The Prempro court declined to either adopt or reject the fraudulent misjoinder doctrine, because it found that, even it the doctrine were applicable, the "plaintiffs alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." Id. at 622. In reaching this conclusion, the court considered that plaintiffs' claims arose from a series of transactions involving the HRT manufacturers and the HRT users, and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation, *i.e.*, the existence of a link between the HRT drugs and plaintiffs' injuries. Id. at 623. Thus, the court wrote, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each

other such that they are egregiously misjoined." Id. (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996)).

Even assuming that defendant's allegations are true and fraudulent misjoinder is a valid basis for jurisdiction, defendant cannot show that the joinder of E.B. with the other plaintiffs in this action "borders on a 'sham.'" Id.  As this Court has found in several recent cases, the joinder of plaintiffs alleging injury from a single drug (Avandia®) is not "egregious" because common issues of law and fact connect plaintiffs' claims.  See Douglas v. GlaxoSmithKline, LLC, No. 4:10-CV-971, 2010 WL 2680308 (E.D. Mo. 2010); Dickerson v. GlaxoSmithKline, LLC, No. 4:10-CV-972, 2010 WL 2757339 (E.D. Mo. 2010); Aurillo v. Glaxosmithkline, L.L.C., No. 4:10-CV-968, 2010 WL 2735663 (E.D. Mo. 2010); Hall v. Glaxosmithkline, LLC, 706 F.Supp.2d 947 (E.D. Mo. 2010).  Similarly, plaintiffs here are all alleging injury from the use of a single drug and common issues of law and fact are likely to arise in the litigation.

Defendant attempts to distinguish this case from Prempro by arguing that each plaintiffs' claim will depend upon unique factual determinations, that the laws of many different states apply to plaintiffs' claims, and that the only plausible explanation for plaintiffs' joinder is to defeat federal jurisdiction.  The Court finds these arguments unpersuasive.  Plaintiffs' claims need not arise from the same transaction or occurrence, nor need they share a common outcome, so long as common questions of law and fact were likely to arise in the litigation. Prempro, 591 F.3d at 623. Defendant's evidence of  bad faith is also insufficient to support a finding of fraudulent misjoinder because "the bad faith referred to must be something more than a desire to defeat federal jurisdiction." Dickerson, 2010 WL 2757339, at *2 (citing Hall, 2010 WL 2473387, at *3; Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400

(8th Cir.1997)).

Lastly, defendant argues that plaintiffs' claims should be severed as not properly joined under Missouri law.  This argument does not support the application of the fraudulent misjoinder doctrine, because federal jurisdiction does not depend upon the varying states' rules concerning joinder.  See Prempro, 591 F.3d at 624, n.8 ("[c]onsidering the uncertainty surrounding the propriety of the joinder of plaintiffs' claims, the preferable course of action may have been for defendants to challenge the misjoinder in state court before it sought removal.").

IV.	Conclusion

The Court finds that plaintiffs were not egregiously joined in this suit and, as such, there is no complete diversity of citizenship as required by 28 U.S.C. § 1332.  Therefore, this Court lacks subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand this action [Doc. #6] is **granted**.

**IT IS FURTHER ORDERED** that  the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2012.